IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 7 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

JANA FOOD SERVICE, INC., §
                        §
        Plaintiff,       §
                        §
VS.                      §   NO. 4:16-CV-864-A
                        §
NATIONWIDE AGRIBUSINESS   §
INSURANCE COMPANY, ET AL.,§
                        §
        Defendants.      §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, Jana Food
Service, Inc., to remand. Having considered such motion, the
response of defendant Nationwide Agribusiness Insurance Company
("Nationwide"), the record, and applicable legal authorities, the
court finds that the motion should be denied and that plaintiff's
claims against Kevin Douglas Welch ("Welch") should be dismissed.

I.

Background

On August 17, 2016, the above-captioned action was filed by
plaintiff in the 342nd Judicial District Court of Tarrant County.
The suit arises from a dispute as to the validity of an insurance
claim for hail damage to plaintiff's commercial property that was
insured by Nationwide and adjusted by Welch. On September 16,
2016, Nationwide filed a notice of removal with the Fort Worth
Division of the United States District Court for the Northern

District of Texas, asserting subject-matter jurisdiction based on diversity of citizenship and alleging that plaintiff improperly joined Welch to avoid federal diversity jurisdiction. On October 18, 2016, plaintiff filed the instant motion to remand, urging that Welch was properly joined as a defendant in the suit, that Welch and plaintiff are citizens of the same state such that Welch's presence in the suit deprives this court of subject matter jurisdiction, and that remand is therefore required.[1]

In response to plaintiff's motion to remand, Nationwide again argues that Welch has been improperly joined to prevent Nationwide from invoking diversity jurisdiction, that plaintiff has not stated a plausible claim for relief against Welch, that Welch should be dismissed from the suit, that Welch's citizenship should be disregarded for purposes of determining whether this

---

[1] Plaintiff also asserts that the above-captioned action should be remanded on the ground that Nationwide's notice of removal was filed without a copy of the state court summons attached to the notice. Plaintiff, however, produces no authority to support its position that such a technical defect requires a result of remand, particularly when, as here, such defect was cured through a supplement filing. The court is satisfied that such defect is not jurisdictional and declines to remand on such grounds. See Cook v. Randolph Cty., Ga., 573 F.3d 1143, 1150 (11th Cir. 2009) (observing that "failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect")(citing Covington v. Indem. Ins. Co. of N. Am., 251 F.2d 930, 933 (5th Cir. 1958) (holding that "removal proceedings are in the nature of process to bring the parties before the Federal Court and that mere modal or procedural defects are not jurisdictional")).

court has subject matter jurisdiction over the claims asserted by plaintiff against Nationwide, and that plaintiff's motion to remand should be denied.[2] Plaintiff has not filed a reply brief.

## II.

### Applicable Legal Principles

A.   General Principles for Removal

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[3] "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about

---

[2] Defendant raises substantially similar arguments in its notice of removal and its brief in opposition to plaintiff's motion to remand. Doc. 5 at 3-12; Doc. 20 at 8-19 . The "Doc. __" reference is to the number of the item on the docket in this action.

[3] The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

B.    Fraudulent or Improper Joinder

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Because defendants have not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). The Fifth Circuit has most recently held that federal courts should use the federal pleading standard to determine whether the plaintiff has stated a claim against a nondiverse defendant. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 208 (5th Cir. 2016). To answer this question, the

4

court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  Id. at 573-74.  A Rule 12(b)(6)-type analysis of plaintiffs' claims appears to be the proper method here to determine whether there exists a reasonable basis to conclude that plaintiff might be able to recover against Welch.

C.   Pleading under the Federal Rule of Civil Procedure

Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 208 (5th Cir. 2016).[4] Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint

---

[4]The court notes that Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule and that Texas courts have interpreted their Rule 91a as requiring a federal Rule 12(b)(6)-type analysis and have relied on federal case law in applying Rule 91a. See, e.g., Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.–Houston [14th Dist.] 2014, pet. denied); GoDaddy.com, LLC v. Toups, 429 S.W.3d 752, 754-55 (Tex. App.–Beaumont 2014, pet. denied). Thus, the outcome would be the same if the court were to apply the Texas pleading standard.

contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no

6

more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Claims alleging violations of the Texas Insurance Code are subject to the requirements of Rule 9(b). Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

III.

## Analysis

Plaintiff asserts claims against Welch based on Welch's role as a claims adjuster for Nationwide, thus joining in a long line of cases in which a plaintiff attempts to join as a defendant an insurance adjuster or other non-diverse party in an effort to defeat removal jurisdiction.[5] Plaintiff alleges only that Welch "failed to complete an adequate inspection and refused to acknowledge all the damages to the Property, despite the fact that Plaintiff and its representatives pointed out the damage to Mr. Welch," that Welch "refused to retain appropriate consultants to evaluate the claims," and that "[t]hroughout the claims process, [] Welch was the only point of contact on Nationwide's behalf." Doc. 5 at 3-4.[6] Based on this involvement, plaintiff concludes that "Welch performed an inadequate, incomplete[,] and unreasonable investigation of Plaintiff's claim, which is

---

[5] See, e.g., Aguilar v. State Farm Lloyds, No. 4:15-CV-565-A, 2015 WL 5714654 (N.D. Tex. Sept. 28, 2015); Parish v. State Farm Lloyds, No. 4:15-CV-339-A, 2015 U.S. Dist. LEXIS 79293 (N.D. Tex. June 18, 2015); Ogden v. State Farm Lloyds, No. 4:15-CV-139-A, 2015 WL 3450298 (N.D. Tex. May 28, 2015); Gonzalez v. State Farm Lloyds, No. 4:15-CV-305-A, 2015 WL 3408106 (N.D. Tex. May 27, 2015); Vann v. Allstate Texas Lloyds, No. 4:15-CV-277-A, 2015 WL 2250243 (N.D. Tex. May 12, 2015); SYP-Empire L.C. v. Travelers Cas. Ins. Co. of Am., No. 4:15-CV-213-A, 2015 WL 2234912 (N.D. Tex. May 12, 2015); Davis v. Metropolitan Lloyds Ins. Co., No. 4:14-CV-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 WL 11474841 (N.D. Tex. Sept. 25, 2014).

[6] The "Doc. __" reference is to the number of the item on the docket in this action.

evidenced by the undervalued estimate of damages" and that Welch "refused to provide answers to the plaintiff during the claims process, further delaying resolution of plaintiff's claim." On these facts, plaintiff asserts that Welch is liable for violations of Tex. Ins. Code Ann. §§ 541, 542, for "punitive damages for bad faith," and for violations of the DTPA.[7] Having reviewed the legal authorities applicable to such claims, the court concludes that plaintiff has failed to state a plausible claim for relief against Welch under any of such theories of recovery.

Here, plaintiff fails to provide any facts to support its position that Welch may be held legally responsible for denying the claim or otherwise causing harm to plaintiff. While liability for a violation of § 541 may extend to an adjuster who undertakes a prescribed settlement practice, mere nonpayment by the insurer of a claim cannot, by itself, create liability for the adjuster who handles the claim. Simply reciting the statutory elements for a claim under § 541 fairs no better. Instead, a plaintiff must spell out the who, what, when, where, and how of the purported

---

[7] Plaintiff brings each of the above-listed claims against both Nationwide and Welch. Plaintiff also brings claims against Nationwide for breach of insurance contract, for violation of the duty of good faith and fair dealings, and for prejudgment interest under § 542.060.

violations. Plaintiff's conclusory allegations fail to do so.

Plaintiff also attempts to impose liability under § 542. Plaintiff, however, provides no authority to support its position that an adjuster-as opposed to an insurer-is subject to a duty of good faith in the claims resolution process. The court is satisfied that no such authority exists. <u>Compare</u> Tex. Ins. Code Ann. § 542.003 (West) ("An insurer . . . may not engage in an unfair claim settlement practice.") <u>with</u> Tex. Ins. Code Ann. § 541.003 (West) ("A person may not engage . . . in a trade practice that is defined in this chapter as or determined under this chapter to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."); <u>see also</u> <u>Messersmith v. Nationwide Mut. Fire Ins. Co.</u>, 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014). Similarly, plaintiff produces no authority to support its position that an adjuster can be found liable for punitive damages for "den[ying] Plaintiff's claim" under a commercial insurance contract "fraudulently and with malice." Doc. 5 at 9. To the extent such claim is one for breach of the duty of good faith owed by the insurer to the insured, such duty does not apply to Welch, who adjusted the claim but did not insure the property. <u>See</u> <u>Natividad v. Alexsis, Inc.</u>, 875

S.W.2d 695, 697-98 (Tex. 1994) (explaining that "[t]he duty of good faith and fair dealing emanates from the special relationship between the parties . . . [that] exists only because the insured and the insurer are parties to a contract that is the result of unequal bargaining power, and by its nature allows unscrupulous insurers to take advantage of their insureds"). Thus, plaintiff's claims against Welch that arise under § 542 and that seek "punitive damages for bad faith" also fail.

Finally, plaintiff alleges that "[d]efendants' violations of the Texas Insurance Code . . . specifically violate the DTPA as well." Plaintiff, however, does not indicate which violations of the Texas Insurance Code give rise to violations of the DTPA. The court need not guess, however, because the court concludes that no claims under the Texas Insurance Code have been sufficiently pleaded with regard to Welch. Accordingly, the court concludes that plaintiff has failed to state a claim against Welch, that Welch was improperly joined to prevent this court from obtaining jurisdiction over the matter, that Welch's citizenship should be disregarded for purposes of determining whether this court has subject matter jurisdiction over the claims asserted by plaintiff against Nationwide, that Welch should be dismissed from the action, and that plaintiff's motion to remand should be denied.

IV.

ORDER

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that all claims asserted by plaintiff against Welch be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Welch.

The court further ORDERS that the caption of this action be, and is hereby, amended to reflect that Nationwide Agribusiness Insurance Company is the only defendant.

SIGNED December 7, 2016.

JOHN McBRYDE
United States District Judge

12